**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 7 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. JACK KENNETH GANNON, Jr., Defendant-Appellant. | No. 17-30083 D.C. No. 2:16-cr-00086-TOR-1 MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Argued and Submitted October 8, 2021
Seattle, Washington

Before: PAEZ, M. SMITH, and NGUYEN, Circuit Judges.

Jack Kenneth Gannon, Jr. ("Gannon") pled guilty to receipt of child pornography under 18 U.S.C. § 2252A(a)(2) and possession of child pornography under 18 U.S.C. § 2252A(a)(5)(B). At sentencing, the district court, to avoid a Double Jeopardy violation, dismissed the possession conviction and imposed an enhanced sentence for the receipt conviction under 18 U.S.C. § 2252A(b)(1). On appeal, Gannon challenges the district court's determination that his prior

---

\* This disposition is not appropriate for publication and is not precedent

conviction for possession of child pornography under Revised Code of Washington ("WRC") § 9.68A.070 triggers an enhanced sentence under 18 U.S.C. § 2252A(b). He also challenges the district court's decision to sentence him for receipt of child pornography and dismiss the lesser-included offense of possession. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm in part, vacate in part and remand for resentencing.

**1.** Gannon argues that the district court erred by enhancing his sentence on the basis of his prior state conviction for possession of child pornography under WRC § 9.68A.070. As both parties agree, after our opinion in *United States v. Reinhart*, 893 F.3d 606 (9th Cir. 2018), a conviction under WRC § 9.68A.070 does not qualify as a predicate offense that triggers the enhanced penalties under § 2252A(b). *Id.* at 618–19. Accordingly, we vacate Gannon's sentence and remand for resentencing without application of the sentence enhancement provisions of § 2252A(b).

**2.** Although Gannon acknowledges that the district court was required to dismiss one of his convictions, he argues that the court abused its discretion when it dismissed the lesser included offense of possession of child pornography, rather than the greater offense of receipt of child pornography. We review for abuse of discretion the district court's choice of which offense to dismiss. *United States v.*

---

except as provided by Ninth Circuit Rule 36-3.

2

*Maier*, 646 F.3d 1148, 1154 (9th Cir. 2011).

"As we have recognized . . . a district court 'should' exercise its discretion to vacate the lesser-included offense, absent unusual circumstances and compelling reasons to vacate the greater offense." *Id.* We have also recognized that the choice of which count to dismiss is "fundamentally a sentencing decision" and that in exercising its discretion, the court "is to be guided by the [18 U.S.C.] § 3553(a) [sentencing] factors." *Id.* In dismissing the possession conviction, the district court considered the relevant § 3553(a) factors, including the nature and seriousness of Gannon's offense conduct, and concluded that his conviction for receipt of child pornography was the appropriate conviction on which to base his sentence. Because there were no "compelling reasons to do otherwise, the district court did not abuse its discretion." *Id.* at 1155. On remand, however, the district court, as part of the resentencing process, may reconsider that decision as it deems appropriate. *See United States v. Matthews*, 278 F.3d 880, 885–86 (9th Cir. 2002) (en banc).

**AFFIRMED** in part, **VACATED** in part and **REMANDED** for resentencing.

3